NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONALD CAGGIANO,

Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

Defendants.

Civ. No. 14-6616

OPINION

THOMPSON, U.S.D.J.

This matter appears before the Court upon the Motions to Dismiss of Defendants County of Mercer and the State of New Jersey.[1] (Doc. Nos. 4, 6). *Pro se* Plaintiff Donald Caggiano opposes. (Doc. Nos. 5, 11). In addition, on December 29, 2014 Plaintiff filed a letter requesting permission to expand the Complaint. (Doc. No. 8). The Court has issued the Opinion below based on the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motions to Dismiss will be granted, and the entire case will be dismissed without prejudice.

BACKGROUND

On October 24, 2014 Plaintiff filed a two-page Complaint against Defendants State of New Jersey, County of Mercer, and County of Hunterdon. (Doc. No. 1). The sole allegation is that "[a] conspiracy to obstruct justice has been perpetrated against the defendant [sic] since on or about October twenty third of 2010." (*Id*. at 2). No other factual assertions are provided. Plaintiff seeks actual and punitive damages of five million dollars. (*Id*.) On December 10, 2014

---

[1] The only other Defendant, County of Hunterdon, has not yet made an appearance on the record in this matter.

1

and December 22, 2014, Defendants County of Mercer and State of New Jersey filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). (Doc. Nos. 4, 6). On December 18, 2014 Plaintiff filed a one-paragraph opposition, and on December 29, 2014 he filed a one-page letter seeking to expand the Complaint with details of malicious prosecution. (Doc. Nos. 5, 8). Plaintiff filed another opposition brief on January 5, 2015. (Doc. No. 11).

## DISCUSSION

A. Legal Standard[2]

In deciding motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of Plaintiff in order to determine whether Plaintiff has asserted a claim upon which relief may be granted. *See Philips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 445 U.S. 662, 678 (2009) (further explaining that "plausibility" requires more than a mere possibility of misconduct). The defendant bears the burden of showing that no claim has been presented. *See Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005). In addition, *pro se* pleadings should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

B. Analysis

Federal Rule of Civil Procedure 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[2] Although Defendant State of New Jersey also moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), asserting lack of subject matter jurisdiction due to Eleventh Amendment immunity, given the severe inadequacies of the Complaint, the Court declines to address immunity claims at this point and will re-evaluate the issue should Plaintiff re-file a proper Amended Complaint.

Pursuant to this Rule, a plaintiff's complaint must provide fair notice of the grounds for entitlement to relief and assert supporting facts, not merely labels and conclusions of wrongdoing. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

Here, Plaintiff's Complaint contains only a one sentence assertion that Defendants engaged in a "conspiracy to obstruct justice" without providing any supporting factual allegations. (Doc. No. 1). However, on December 24, 2014 Plaintiff mailed a letter seeking to expand his Complaint to include supplemental allegations of malicious prosecution. (Doc. No. 8). Pursuant to Rule 15(a)(1)(B), Plaintiff's request to amend his Complaint appears to have been filed within 21 days after service of Defendants' Motion to Dismiss, thus Plaintiff would be entitled to amend his Complaint. However, Plaintiff did not include a proposed amended complaint and the supplemental two-paragraph allegations in Plaintiff's letter still do not provide an adequate factual basis for Plaintiff's claims. Thus, the Complaint, even including Plaintiff's requested expansion, fails to satisfy Rule 8(a)(2) and will be dismissed against all Defendants without prejudice.[3]

## CONCLUSION

For the reasons above, Defendants County of Mercer and State of New Jersey's Motions to Dismiss will both be granted, and the Court will dismiss the Complaint without prejudice.[4]

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[3] Defendant County of Mercer also asserts that the statute of limitations has expired and that Plaintiff failed to file statutorily required Notice pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8-3. (Doc. No. 4, at 6-7; Doc. No. 7, at 3-4). Given the severe inadequacies of the Complaint, the Court declines to address these issues at this point and will re-evaluate them should Plaintiff re-file a proper Amended Complaint.

[4] If Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open this action, attaching a proposed Amended Complaint within 30 days.